IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SEAN PARKER<br><br>Defendant. | No. 18 CR 820<br><br>Honorable Judge<br>Jorge L. Alonso |

Agreed Confidentiality Order

The parties to this Agreed Confidentiality Order, Sean Parker ("Defendant") and the Kane County State's Attorney's Office, have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Scope. All materials produced by the Kane County State's Attorney's Office containing information concerning confidential informants (hereinafter collectively "materials"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Criminal Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; and (b) information regarding confidential informants, including personal identity information. Information or documents that are available to the public may not be designated as Confidential Information.

3. Designation.

    (a) The Kane County State's Attorney's Office shall designate Confidential

Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on any portable data storage device provided to Defense Counsel containing Confidential Information. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied to the portable data storage device prior to the materials being provided to Defense Counsel. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a portable data storage device does not mean that a document on the device has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made by Defense Counsel of any materials on the storage device containing Confidential Information must be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    (b)    The designation that a copy contains Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.

    4.    Protection of Confidential Material.

    (a)    General Protections. Confidential Information shall not be used or disclosed by Defense Counsel or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    (b)    Defendant. Defense Counsel will not disclose any Confidential Information to defendant unless authorized by the Court.

    (c)    Limited Third-Party Disclosures. Defense Counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or entity, other than Plaintiff, except as set forth in subparagraph (1)-(8). Subject to these requirements, the

following categories of persons may be allowed to review Confidential Information:

    (1)    Counsel. Counsel for the parties;

    (2)    Employees. Employees of Defense Counsel but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)    The Court and it and its personnel;

    (4)    Court Reporters and Records;

    (5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (6)    Consultants and Experts. Consultants, investigators, or experts employed by Defense Counsel to assist in the preparation and trial of this action by only after such persons have completed the certification the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

    (7)    Witnesses. Witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information.

    (8)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    (d)    Control of Documents. Defense Counsel shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Defense Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this order for a period of three years after the termination of the case.

    5.    Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

    6.    Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by

any party. The following procedure shall apply to any such challenge. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged materials set for in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

7. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or trial.

8. Use of Confidential Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. If Defense Counsel intends to present Confidential Information at a hearing or trial, they shall bring that issue to the Court's attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

9. Confidential Information Subpoenaed or Order Produced in Other Litigation.

    (a) If Defense Counsel is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or documents designated in this action as Confidential Information, they must so notify the Kane County State's Attorney's Office, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    (b) Defense counsel also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, Defense Counsel must deliver a copy of this Order promptly to the party in the other action that caused the

subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Kane County State's Attorney's Office an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Kane County State's Attorney's Office shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party to this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while Defense Counsel has in its possession, custody or control Confidential Information.

13. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. Obligations on Conclusion of Litigation.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within sixty-three days after dismissal of entry of final judgment not subject to further appeal, all Confidential Information and materials and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in 3(a), shall be destroyed by Defense Counsel to the extent practicable and certify the fact of destruction unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the document bears the notations, summations, or other mental impressions of the receiving party.

(c) Retention of Work Product and one set of Filed Documents.

Notwithstanding the above requirements to destroy materials and documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An Attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

      (d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the Kane County State's Attorney's Office and Defense Counsel for the purpose of facilitating compliance with a subpoena. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as containing Confidential Information by counsel or the parties is entitled to protection under Rule 16 of the Federal Rules of Criminal Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. Persons Bound.

      (a)     This Order shall take effect when entered and shall be binding upon Defendant, Defense Counsel, their law firm, and persons made subject to this Order by its terms.

      (b)     Plaintiff, United States of America, will not be bound by this Order.

So Ordered.



_____

Dated: 6/25/2020

Jorge L. Alonso
United States District Judge

| | |
|---|---|
| WE SO MOVE<br>and agree to abide by the<br>terms of this Order | WE SO MOVE<br>and agree to abide by the<br>terms of this Order |
| /s/ Dawn Troost<br>Signature | *[signature]*<br>Signature |
| Dawn Troost<br>Printed Name | Michael P. Gillespie<br>Printed Name |
| Counsel for: Kane Co. State's Atty's Off. | Counsel for: Sean Parker |
| Dated: 5/11/2020 | Dated: 5/12/2020 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | No. 18 CR 820 |
| v. | |
| SEAN PARKER | Honorable Judge Jorge L. Alonso |
| Defendant. | |

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated May 12th, 2020 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: Michael P. Gillespie

Job Title: Attorney at Law

Employer: Law Offices of Gillespie & Gillespie

Business Address: 53. W .Jackson Blvd. Suite 1062 Chicago, IL 60604

Date: May 12th, 2020

*[signature]*

Signature